STATE of Minnesota, Respondent,

v.

David Wayne CHILDS, Appellant.

No. 47512.

Supreme Court of Minnesota.

July 7, 1978.

Friedberg & Mauzy, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Richard G. Evans, Sp. Asst. Atty. Gen., St. Paul, Helen Hill Blanz, County Atty., Leif Nelson, Asst. County Atty., Grand Rapids, for respondent.

Heard before ROGOSHESKE, KELLY and TODD, JJ., and considered and decided by the court en banc.

PER CURIAM.

This case is before the court upon certification by the Itasca County District Court, pursuant to Rule 29.02, subd. 4, Rules of Criminal Procedure, posing as important and doubtful the question of whether the trial court's denial of a motion to suppress certain evidence was proper. The matter for decision is whether the defendant's arrest by an off-duty police officer was lawful under Minn.St. 629.366, the shoplifting arrest statute. We hold that it was and remand for further proceedings.

The facts disclose that on October 28, 1976, Officer William Litchke, a police officer for the city of Grand Rapids, Minnesota, was working during his off-duty hours as a security officer for a drugstore in Grand Rapids when he noticed defendant David Wayne Childs and a companion enter the store. Litchke observed defendant and his companion for approximately 20 minutes as they picked up and examined, then replaced, various items within the store. Litchke then saw the companion leave the store.

While Litchke was watching his companion, defendant moved toward the checkout counter. As he passed defendant, Litchke noticed that defendant's arm was tucked against his side and there was a bulge in his coat pocket. Prior to this time Litchke had not noticed any bulges in defendant's jacket nor had he noticed any actions indicating an apparent attempt to conceal something under his coat. After making his purchase defendant proceeded to the front door of the store, where he was stopped by Litchke. Exactly what occurred next is unclear. Litchke testified that after asking defendant whether he had taken anything he reached into defendant's pocket and felt what he thought to be "two lids of marijuana," and then took defendant to an office in the rear of the store where he removed the bags of marijuana. Defendant testified that Litchke put one hand on defendant's shoulder and the other in his pocket. When he attempted to pull Litchke's hand out of his pocket, he said, Litchke pulled the bags of marijuana out of defendant's pocket and announced himself as a police officer.

Defendant was charged with two counts of possession of a controlled substance. At an omnibus hearing defendant moved to suppress the evidence seized by Litchke. The district court denied the motion on the grounds that defendant's detention and arrest were authorized by Minn.St. 629.366 and that the search incident thereto was lawful. Pursuant to defendant's request, however, the district court certified to this court the decision denying defendant's motion, pursuant to Rule 29.02, subd. 4, Rules of Criminal Procedure.[1]

---

1. An order denying a motion to suppress evidence is not an appealable order, see Rule 29.02, subd. 2, Rules of Criminal Procedure, and the certification procedure of Rule 29.02, subd. 4, is not a substitute for an appeal. See, State v. Bristol, 276 Minn. 158, 149 N.W.2d 84 (1967). We have granted discretionary review pursuant to Rule 29.02, subd. 3, only because the parties have briefed the case, the record is adequately developed, and because of the importance of

■ Defendant argues that Minn.St. 629.366, the shoplifting arrest statute, cannot serve as the basis for his arrest because Officer Litchke at the time of the arrest was acting as a peace officer by virtue of his announcement as such. On this record we agree with defendant's characterization of the arrest. See, *United States v. Schleis,* 543 F.2d 59 (8 Cir. 1976). We do not agree, however, that for that reason the shoplifting arrest statute is inapplicable.

Defendant's argument is premised on the language of Minn.St. 629.366, subd. 1. That subdivision reads in part as follows:

"A merchant or merchant's employee who has reasonable cause for believing that a person has taken, or is in the act of taking, any article of value without paying therefor, from the possession of the merchant in his place of business or from any vehicle or premises under his control, with the intent wrongfully to deprive the merchant of his property or the use and benefit thereof or to appropriate the same to the use of the taker or any other person, may detain such person for the sole purpose of delivering him to a peace officer without unnecessary delay and then and there making a charge against such person to the peace officer."

Defendant implicitly argues that Officer Litchke was no longer a "merchant's employee" when effecting defendant's arrest in his capacity as a peace officer. That being so, the shoplifting arrest statute by its explicit language is inapplicable. Defendant's argument, however, ignores the facts of this case. Officer Litchke did not by virtue of his arrest of defendant as a peace officer lose his status as a privately-employed security officer. Rather, for purposes of the arrest he assumed the additional role of a peace officer. See, *People v. Hooker,* 254 Cal.App.2d 878, 62 Cal.Rptr. 675 (1967).

Because of this dual capacity Officer Litchke gained a right not authorized by Minn.St. 629.366, subd. 1—the right to arrest. Minn.St. 629.366, subd. 2, empowers peace officers to effect warrantless arrests of persons suspected of shoplifting with the following language:

"Upon a charge being made, a peace officer may, without a warrant, arrest any person, whom he has reasonable cause for believing has committed or attempted to commit the offense described in [Minn.St. 629.366, subd. 1]."

Because Officer Litchke was both a merchant's employee and a peace officer, thereby falling within the provisions of subdivisions 1 and 2, his arrest of defendant was lawful under the authority conferred by Minn.St. 629.366.

■ Defendant's arrest being authorized, the question then becomes whether Officer Litchke had the requisite reasonable cause to believe a shoplifting offense had been committed or attempted, even though such an offense might constitute only a misdemeanor.[2] Minn.St. 609.52, subd. 3(5). Reasonable cause is, of course, synonymous with probable cause. Cf. *State v. Harris,* 265 Minn. 260, 121 N.W.2d 327 (1963). Probable cause is defined as a " 'reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.' " *State v. Sorenson,* 270 Minn. 186, 196, 134 N.W.2d 115, 122–23 (1965).

Applying that standard to this case, it is with some hesitation that we agree with the trial court that defendant's arrest was based on probable cause. Officer Litchke observed defendant pick up, examine, and replace various items and, while defendant was at the checkout stand, noticed for the first time a large bulge in defendant's jacket pocket and defendant's arm tucked against his side. On these facts the trial

the evidence in question to the prosecution's case.

2. The shoplifting arrest statute by authorizing warrantless misdemeanor arrests based on reasonable cause is an exception to Minn.St. 629.-

34(1), which authorizes peace officers to effect warrantless misdemeanor arrests for public offenses committed or attempted in the officer's presence. See, *State v. Miller,* 290 Minn. 33, 185 N.W.2d 872 (1971).

court could conclude, as it did, that defendant's "loitering, persistent fingering of merchandise, and, most important, the covert shielding of a bulge in defendant's pocket," constituted probable cause for defendant's arrest. The fact that the initial arrest was for shoplifting rather than possession of a controlled substance does not detract from the facts authorizing the arrest.

■ Defendant's arrest being lawful, the search and seizure incident thereto is likewise lawful. *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 684, 694 (1969). The fact that the search uncovered evidence of drug possession rather than evidence of theft does not detract from the lawfulness of the search. See, *Abel v. United States,* 362 U.S. 217, 238, 80 S.Ct. 683, 696–97, 4 L.Ed.2d 668, 686 (1960) ("When an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for.") Nor is the fact that the search may have slightly preceded the arrest constitutionally significant. The state has met its burden of establishing that Officer Litchke had probable cause to arrest defendant. *United States v. Skinner,* 412 F.2d 98 (8 Cir.), certiorari denied, 396 U.S. 967, 90 S.Ct. 448, 24 L.Ed.2d 433 (1969).

Affirmed.