**STATE of Minnesota, Respondent,**

v.

**Paul Steven KVALE, Appellant.**

**No. CX–84–967.**

Court of Appeals of Minnesota.

July 31, 1984.

Thomas L. Johnson, Hennepin County Atty., Vernon Bergstrom, Chief, Appellate Section, Richard Osborne, Asst. County Atty., Minneapolis, for respondent.

William R. Kennedy, Hennepin County Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This case involves a question certified by the trial court as doubtful and important, pursuant to Rule 28.03 of the Minnesota Rules of Criminal Procedure. The question posed is whether in a prosecution for three aggravated robberies, a defendant may introduce evidence of the commission of other robberies similar in method, time and place, allegedly committed by another individual of similar appearance to the defendant. We conclude that it is inappropriate for this court to answer the certified question and we remand to the trial court without an answer.

### FACTS

Pre-trial testimony indicated the Lowry-Penn Pharmacy in North Minneapolis was robbed three times in September, October and November 1983. On September 17, Paul Black, the owner of the drug store, was robbed of narcotics and money by a man armed with a handgun. He described the perpetrator as a white male 20 to 25 years old. A man walking down the street observed Paul Black running in pursuit of the robber; he noticed a yellow Pinto and viewed two white males who sped away from the store. A clerk, Debbie Alstad, got a look at the suspect's face. The next day she was shown a photographic display of suspects and, although defendant's picture was not among the suspects, she picked out another man as the robber. On October 7, 1983, Paul Black again was robbed. George Black, Paul's father, was working and witnessed the robbery. Again the robber demanded money and narcotics.

Paul Black was robbed for the third time on November 7, 1983. George Black was also an eyewitness. Paul Black is certain

the same man committed all three robberies.

Paul Black was shown a photo display on November 8, 1983, and he picked out the defendant as the perpetrator of the three robberies. George Black picked out two others who resembled the defendant but he did not pick out the defendant. The next day, a six-person line-up was shown to Paul Black, George Black, and Debbie Alstad and they all made positive identification of the defendant.

Prior to trial, defendant sought to introduce evidence of nine separate drug store robberies perpetrated by Carl Wetterhaun and Paul Nygren between September 27, 1983 and January 30, 1984. Apparently, Wetterhaun confessed to eight of the nine drugstore robberies which occurred in the Twin Cities area and admitted using a gun, stealing drugs and using a yellow Pinto as the getaway vehicle. Apparently, the police never showed Paul Black, George Black, or Debbie Alstad a photograph of Carl Wetterhaun, and Wetterhaun was not included in the six-person line-up.

At the omnibus hearing the defendant insisted he was entitled to show that Wetterhaun confessed to these robberies and that he was entitled to present the details of these robberies through the victim's testimony or by stipulation. Defendant maintained that this "reverse *Spreigl*" evidence is allowed so the jury can decide whether the defendant or Wetterhaun committed the three robberies.

The trial court ruled this evidence was inadmissible because it was irrelevant and would confuse the jury by turning the trial into a trial of nine collateral robberies. The trial court did allow the defendant to question Wetterhaun if he did not take the Fifth Amendment, and indicated that the defendant could ask the police officers why Wetterhaun was not in the physical line-up and could ask the officers whether Wetterhaun had robbed drug stores at about the same time. Further, the trial court indicated the defendant could show a picture of Wetterhaun to the jury.

The trial court certified the question of the "reverse *Spreigl*" evidence to this court because it felt if its decision was wrong, a trial week could be saved from being wasted by subsequent reversal from this court. The certified question asks:

In the context of the facts of this case in which defendant is charged with aggravated robberies of a pharmacy in north Minneapolis during which narcotics and money were taken, is the defendant entitled as a matter of law to introduce details of nine other metropolitan pharmacy robberies allegedly committed by a person other than the defendant, all nine of which this other person has confessed to, one of which has resulted in a conviction; or is the admission of such testimony a matter addressed to the discretion of the trial court.

If the answer is that the question is addressed to the discretion of the trial court, has the trial court abused its discretion in this case by ruling the offered testimony inadmissible?

### ISSUE

Should this court decide a pretrial evidentiary ruling of the trial court on a certified question?

### ANALYSIS

Rule 28.03 of the Minnesota Rules of Criminal Procedure, provides in part:

If, ... upon any motion to dismiss a tab charge, complaint or indictments, or upon any motion relating to the tab charge, complaint, or indictment, any question of law shall arise which in the opinion of the judge is so important or doubtful as to require a decision of the Court of Appeals, he shall, if the defendant shall request or consent thereto, report the case, so far as may be necessary to present the question of law, and certify the report to the Court of Appeals, ...

The state contends this certified question is not properly before this court because certification is not a substitute for appeal. *State v. Childs*, 269 N.W.2d 25, 26 n. 1 (Minn.1978). The defendant does not

have a right to appeal a pre-trial evidentiary ruling in a criminal case. *State v. Collins,* 270 Minn. 581, 132 N.W.2d 802 (1964). That rule cannot be circumvented by trial court certification of the question. *State v. Bristol,* 276 Minn. 158, 149 N.W.2d 84 (1967). In the *Bristol* case, the court relied on the federal view expressed in *Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). In a unanimous opinion in the *Cobbledick* case, Mr. Justice Frankfurter said:

> Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration. Thereby is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause. These considerations of policy are especially compelling in the administration of criminal justice. Not until 1889 was there review as of right in criminal cases. An accused is entitled to scrupulous observance of constitutional safeguards. But encouragement of delay is fatal to the vindication of the criminal law. Bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship. The correctness of a trial court's rejection even of a constitutional claim made by the accused in the process of prosecution must await his conviction before its reconsideration by an appellate tribunal. *Cogen v. United States,* 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275.

*Cobbledick,* 309 U.S. at 325, 60 S.Ct. at 541.

This court has also refused a defendant pre-trial review of decisions on admissibility of evidence in a criminal case. *State v. Hagen,* 342 N.W.2d 160 (Minn.Ct.App. 1984).

 We are mindful of precedent for discretionary review of some pre-trial evidence rulings. *See Childs,* 269 N.W.2d at 26, n. 1. We decline discretionary review in this case. The question deals imprecisely with "details" the defendant proposes to prove. It calls for a declaration of the "discretion" of the trial court. This is not a case of a fully-developed substantive issue such as encountered by the Supreme Court in *Childs.* Our exercise of discretion against review coincides with a view on certified questions stated by the Minnesota Supreme Court in *Thompson v. State,* 284 Minn. 274, 170 N.W.2d 101 (1969). The court said:

> The function of the statute authorizing certification by the trial court is not to present a hypothetical question or to secure an advisory opinion. The certification should be carefully and precisely framed so as to present distinctly and clearly the question of law involved and should not be presented until the record is developed to the point where the question is relevant and presents a substantive issue. An appellate court will not consider abstract or unnecessarily general questions which might result in one answer to one set of circumstances but another answer to a different set of circumstances. (Citations omitted)

*Id.* at 277, 170 N.W.2d at 103. To answer the question here would amount to issuing an advisory opinion.

### DECISION

We will not answer the certified question and remand the case for further trial court proceedings.

Remanded.