**STATE of Minnesota, Plaintiff,**

v.

**Dorothy Arlene BABCOCK,
Defendant (C8–84–1468),**

**Donald Frederick Matzdorf,
Defendant (C6–84–1467).**

Nos. C8–84–1468, C6–84–1467.

Court of Appeals of Minnesota.

Jan. 15, 1985.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, John P. Dimich, Itasca County Atty., Grand Rapids, for plaintiff.

C. Paul Jones, State Public Defender, Mark F. Anderson, Kathy King, Asst. State Public Defenders, Minneapolis, for Dorothy Arlene Babcock.

David DeSmidt, Minneapolis, for Donald Frederick Matzdorf.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This pre-trial case involves a question certified by the trial court as important and doubtful. It deals with the scope of discovery of records of a private group home in a child sex abuse prosecution. We conclude that it is inappropriate for this court to answer the certified question and we remand to the trial court without an answer.

## FACTS

Defendants Dorothy Babcock and Donald Matzdorf were charged with multiple counts of sexual abuse involving Dorothy Babcock's teenage daughter, during the period from May 15, 1983 to October 15, 1983. Complainant had previously been the victim of incest by her natural father and from April 1982 until February 1983, she resided at the Shady Pines Group Home. During much of her stay at Shady Pines, complainant was under the legal custody of the Aitkin County Family Services, following a finding of dependency by the Aitkin County Juvenile Court. While there, complainant's social worker, Sharon Fecker, periodi-

cally made reports regarding complainant to the juvenile court.

The trial court permitted defense counsel for Babcock and Matzdorf to have access to group home records of Shady Pines. Defendants then moved for permission to photocopy two reports from Fecker to the juvenile court, several papers complainant apparently wrote as part of her therapy, and some materials which were apparently written by another child at the home.[1] Defense counsel requested copies of the records because they desired to use them if they became relevant to a claim of fabrication at trial. The trial court denied defendants' motions and on defendants' consent certified the following question to this court:

> When a defendant accused of intrafamilial sexual abuse claims fabrication by the child complainant as a defense, may records generally supporting the defense, from a private group home, to which complainant has been referred by the Juvenile Court through a County Welfare Agency, be obtained by the defendant as a discovery device, for cross-examination of complainant, and for direct non-credibility evidence against complainant?

## ISSUE

Should this court decide a pre-trial discovery ruling of the trial court on a certified question?

## ANALYSIS

Rule 28.03 of the Minnesota Rules of Criminal Procedure provides in part:

> If, * * * upon any motion to dismiss a tab charge, complaint or indictments, or upon any motion relating to the tab charge, complaint, or indictment, any question of law shall arise which in the opinion of the judge is so important or

doubtful as to require a decision of the Court of Appeals, he shall, if the defendant shall request or consent thereto, report the case, so far as may be necessary to present the question of law, and certify the report to the Court of Appeals * * *.

We previously decided that the trial court certification of questions cannot circumvent the rule precluding appeal by the defendant on pre-trial evidentiary rulings. *State v. Kvale*, 352 N.W.2d 137 (Minn.Ct. App.1984); *see State v. Bristol*, 276 Minn. 158, 149 N.W.2d 84 (1967). The policy reflected is equally applicable to pre-trial discovery motions by defendants.[2]

We also believe discretionary review of the trial court's ruling here would not be appropriate. The record is not adequately developed, and the question is unnecessarily general. We have not seen the records sought by defendants. Defendants have not indicated how the records are relevant to their defense. *See State v. Childs*, 269 N.W.2d 25, 26 n. 1 (Minn.1978); *Thompson v. State*, 284 Minn. 274, 277, 170 N.W.2d 101, 103 (1969). Further, the trial court had discretion to require that the prosecutor disclose to defense counsel "any relevant material and information not subject to disclosure without order of court under Rule 9.01, subd. 1 * * *." Rule 9.01, subd. 2 of the Minnesota Rules of Criminal Procedure.

## DECISION

We will not answer the certified question and have not addressed the merits of the claims of defendants. The case is remanded for further trial court proceedings.

Remanded.

---

1. None of the records sought are with the district court file and we have not reviewed them.

2. "To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause. These

considerations of policy are especially compelling in the administration of criminal justice." *Cobbledick v. United States*, 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940), quoted (at greater length) in *Kvale*, 352 N.W.2d at 140.