STATE of Minnesota, Plaintiff,

v.

Gregory Lamont JENNINGS, Defendant.

No. C7–92–485.

Court of Appeals of Minnesota.

July 28, 1992.

Review Denied Sept. 29, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Michael Richardson, Lee W. Barry, Asst. County Attys., Minneapolis, for plaintiff.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, Asst. Public Defender, Minneapolis, for defendant.

Considered and decided by PARKER, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

HUSPENI, Judge.

Defendant Gregory Lamont Jennings was indicted for first degree murder in violation of Minn.Stat. § 609.185(5) (1990). In a pre-trial appeal, presented as a certified question, defendant argues this statute is unconstitutionally vague. We decline to answer the certified question and remand for trial.

## FACTS

Defendant lived with his girlfriend S.C. and her thirteen-month-old daughter, K.W. On October 29, 1991, S.C. left defendant alone to care for K.W. When S.C. returned, she checked on the baby who appeared to be sleeping. S.C. later became

concerned the baby was sleeping too long and went to check on her. K.W. felt stiff and cold. Defendant tried to give K.W. CPR and remove a hair barrette from K.W.'s mouth while S.C. called 911. K.W. was taken to a hospital where she was pronounced dead.

An autopsy was performed by Dr. Dan Davis of the Hennepin County Coroner's office. Davis observed several injuries on K.W.'s body which led him to call police. The autopsy revealed several injuries in different stages of healing. Davis determined marks located on K.W.'s back, buttocks, thigh and abdomen were burns caused by a cigarette lighter. He also observed bruises on K.W.'s chest which he determined were most likely caused by fingertips and squeezing around the chest. There was also evidence of an injury to K.W.'s neck and a burn on the palm of her hand. X-rays revealed a skull fracture that extended over the back of K.W.'s skull which Davis concluded was at least one week old. K.W. also had a scar between her eyes, that likely was not caused by a fall, and occurred at least two weeks prior to her death.

Davis concluded K.W. was a victim of child abuse and died from a brain injury which he referred to as "shaken baby syndrome." This type of injury can be caused by a blunt blow to the head or violent forceful shaking.

Police investigators interviewed defendant and S.C. Defendant told police he grabbed K.W. and squeezed her arm, carried her into the bedroom and shook her at least three or four times. A formal statement was taken, and defendant stated after shaking K.W. and throwing her against a wall, he noticed that she was not breathing. Defendant said he then put a barrette in K.W.'s throat to make it appear she had choked.

On November 12, 1991, defendant was indicted for first degree murder in violation of Minn.Stat. § 609.185(5) (1990) and second degree murder in violation of Minn. Stat. § 609.19(2) (1990).[1] Minn.Stat. § 609.-185 provides:

> Whoever does any of the following is guilty of murder in the first degree and shall be sentenced to imprisonment for life:
>
> *      *      *      *      *      *
>
> (5) causes the death of a minor under circumstances other than those described in clause (1) or (2) while committing child abuse, when the perpetrator has engaged in a *past pattern of child abuse* upon the child and the death occurs under *circumstances manifesting an extreme indifference to human life.*

(Emphasis added.)

Defendant moved the trial court to dismiss the first degree murder portion of the indictment arguing the above underlined portions of section 609.185(5) are unconstitutionally vague. The trial court denied the motion but certified the question to this court as important or doubtful pursuant to Minn.R.Crim.P. 28.03.[2]

### ISSUE

Is a certified question challenging the constitutionality of a statute on vagueness grounds in a pre-trial appeal ripe for decision where facts must be assumed to establish an element of the crime and the issue can be preserved for resolution if the defendant is convicted?

1. Minn.Stat. § 609.19 provides:
   Whoever does either of the following is guilty of murder in the second degree * * *:
   *      *      *      *      *      *
   (2) Causes the death of a human being, without intent to effect the death of any person, while committing or attempting to commit a felony offense other than criminal sexual conduct in the first or second degree with force or violence.

2. Minn.R.Crim.P. 28.03 provides:
   If * * * upon any motion to dismiss a[n] * * * indictment, * * * any question of law shall arise which in the opinion of the judge is so important or doubtful as to require a decision of the Court of Appeals, the judge shall * * * report the case * * * and certify the report to the Court of Appeals, whereupon all proceedings in the case shall be stayed until the decision of the Court of Appeals.

## ANALYSIS

The following certified question was presented by the trial court:

Is Minnesota Statute section 609.185(5) unconstitutionally vague because the phrases "past pattern of child abuse" and "circumstances manifesting an extreme indifference to human life" do not provide reasonably clear and objective standards for adjudication?

■ The certification procedure is not a substitute for an appeal. *State v. Childs,* 269 N.W.2d 25, 26 n. 1 (Minn.1978). The function of the certification procedure is not to present a hypothetical question or to secure an advisory opinion. *Thompson v. State,* 284 Minn. 274, 277, 170 N.W.2d 101, 103 (1969). The question should not be presented until the record is developed to the point where the question is relevant and presents a substantial issue. *Id.*

■ Vagueness challenges to statutes that do not involve first amendment freedoms must be examined in light of the facts of a particular case. *United States v. Powell,* 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975); *State v. Becker,* 351 N.W.2d 923, 925 (Minn.1984). Minn.Stat. § 609.185(5) does not involve first amendment freedoms. Therefore we must analyze defendant's vagueness challenge based on the particular facts of this case.

To successfully challenge a statute on the grounds of vagueness, defendant must show the statute "lacks specificity as to his own behavior and not as to some hypothetical situation." *State v. Kager,* 382 N.W.2d 287, 289 (Minn.App.1986), *pet. for rev. denied* (Minn. Apr. 18, 1986), *quoted in State v. Currie,* 400 N.W.2d 361, 365 (Minn.App. 1987), *pet. for rev. denied* (Minn. Apr. 17, 1987). He cannot complain of the vagueness of the law as applied to others. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982).

■ Minn.Stat. § 609.185(5) requires the state to prove a "past pattern of child abuse" as an element of the crime. Regardless of whether the phrase is vague, there has been no showing in this case of any past child abuse by defendant. Although there are allegations that defendant previously abused K.W., there has been no judicial determination that defendant abused K.W., nor has defendant admitted to any past abuse. Since we must evaluate defendant's vagueness argument as applied to the facts of this case, *see Currie,* 400 N.W.2d at 365, we could review the vagueness of the statute only by assuming facts not in existence. It would be inappropriate to base our analysis of unconstitutionality upon such assumption.

We are mindful of precedent for discretionary review of some vagueness challenges in pre-trial appeals. *E.g. State v. Willenbring,* 454 N.W.2d 268, 271 (Minn. App.1990), *pet. for rev. denied* (Minn. May 30, 1990); *State v. Munnell,* 344 N.W.2d 883, 888 (Minn.App.1984). However, in *Willenbring* and *Munnell* neither party raised the propriety of answering the certified question. In the present case, however, the state specifically argues that this court should decline to answer the certified question. Additionally, in *Willenbring,* the defendant conceded the necessary facts to consider the question. *Willenbring,* 454 N.W.2d at 269. Defendant has made no such concession.

An accused is entitled to a scrupulous observance of constitutional safeguards, but encouragement of delay is fatal to the vindication of the criminal law. *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). A defendant must await conviction before an appellate court may appropriately consider the correctness of a trial court's rejection of even a constitutional claim made by the accused in the process of prosecution *Id.*

We decline discretionary review in this case. The certified question deals imprecisely with facts the state must prove at trial, and the case does not present a fully developed substantive issue ripe for decision. Courts should not issue advisory opinions. *See Thompson,* 284 Minn. at 277, 170 N.W.2d at 103. If we were to answer the certified question presented here, we would, in effect, be engaging in that inappropriate practice.

## DECISION

■ The certified question is not ripe for decision because we must assume facts that are not in existence to establish an element of the crime and the issue can be preserved for appeal if defendant is convicted. Therefore we decline to answer the certified question and remand for trial.

Certified question not answered and remanded.