STATE of Minnesota, Plaintiff,

v.

Jose Isidrio MIRELES, Defendant.

No. C3–00–742.

Court of Appeals of Minnesota.

Nov. 21, 2000.

Mike Hatch, Attorney General, Robert A. Stanich, Assistant Attorney General, St. Paul, Boyd Beccue, Kandiyohi County Attorney, Willmar, for plaintiff.

John M. Stuart, State Public Defender, Scott G. Swanson, Assistant State Public Defender, Minneapolis, for defendant.

Considered and decided by WILLIS, Presiding Judge, CRIPPEN, Judge, and PETERSON, Judge.

## OPINION

WILLIS, J.

Defendant Jose Mireles was arrested for his alleged involvement in a drive-by shooting. The state moved to introduce expert-opinion testimony that Mireles is a member of a criminal gang. Mireles moved to exclude that testimony and challenged the constitutionality of Minn.Stat. § 609.229 (1998), proscribing the commission of a crime "for the benefit of a gang." The district court upheld the constitutionality of section 609.229 but excluded expert-opinion testimony about whether Mireles is a gang member. The district court certified as important and doubtful the questions of (1) whether section 609.229 is unconstitutionally overbroad and (2) whether the basis of the state's expert-opinion testimony was sufficiently reliable. We answer the first certified question in

the negative and dismiss the second question as improper for certification.

## FACTS

Based on an eyewitness account, Willmar police arrested defendant Jose Mireles for his alleged involvement in a drive-by shooting. He was charged with attempted second-degree murder, drive-by shooting, second-degree assault with a dangerous weapon, unlawful possession of a firearm, and receiving stolen property, that is, the shotgun used in the shooting. All offenses were alleged to have been committed "for the benefit of a gang," pursuant to Minnesota Statute 609.229 (1998).

The state filed a motion in limine to allow the introduction of expert testimony by a Willmar police officer that (1) the Latin Kings are a criminal gang in Willmar, (2) Mireles committed the charged offenses for the benefit of a gang, and (3) he is a member of the Latin Kings. Mireles moved to exclude this testimony on the ground that an expert opinion about gang membership would improperly influence the jury. He also challenged the constitutionality of Minn.Stat. § 609.229 on various grounds, including overbreadth. The district court concluded that the statute is constitutional. It also ruled that the police officer could offer his expert opinion that the Latin Kings are a gang and that the charged offenses were gang related but that, because the foundation for his opinion was not sufficiently reliable, he could not offer expert-opinion testimony that Mireles is a member of the Latin Kings. The state sought clarification of the district court's order or, in the alternative, asked that the court reopen the record on the issue of the admissibility of expert testimony relating to Mireles's gang membership. The court denied the state's motion but stated that its order applied only to expert testimony that was based *solely* on the Minnesota Gang Strike Force's ten-point gang-identification criteria.

The district court, noting the many cases pending before it presenting "similar issues of first impression" and the absence of any appellate decisions addressing either the constitutionality of Minn.Stat. § 609.229 or "the unique evidentiary issues which the statute presents," certified the following questions to the Court of Appeals:

> Does Minnesota Statutes § 609.229 (1998) violate the overbreadth doctrine by substantially inhibiting the Defendant's exercise of his First Amendment rights under the United States Constitution?

> Are the ten point gang identification criteria when solely utilized by a police officer sufficiently reliable to allow the officer to express an expert opinion on whether an individual is a member of a criminal gang?

## ISSUES

I. Is Minn.Stat. § 609.229 (1998), proscribing commission of a crime for the benefit of a gang, unconstitutionally overbroad on its face?

II. Where the record is insufficient for the district court to determine the reliability of the basis of expert testimony, may this court consider a certified question asking whether that basis is reliable as a matter of law?

## ANALYSIS

### I. Overbreadth

■ Minnesota Rule of Criminal Procedure 28.03 provides:

> If * * * upon any motion to dismiss a tab charge, complaint or indictment, or upon any motion relating to the tab charge, complaint, or indictment, any question of law shall arise which in the opinion of the judge is so important or doubtful as to require a decision of the Court of Appeals, the judge shall, if the defendant shall request or consent thereto, report the case, so far as may be necessary to present the question of

law, and certify the report to the Court of Appeals.

This court accepts certification of questions regarding criminal statutes as important and doubtful when the challenged statute has statewide application and the question has not previously been decided. *State v. Nodes*, 538 N.W.2d 158, 160 (Minn. App.1995). The question of whether Minn. Stat. § 609.229 (1998) is unconstitutionally overbroad has not been addressed by Minnesota appellate courts. An answer to this question would have statewide effect. Therefore, the question was properly certified.

■ The constitutionality of a statute is a question of law, which this court reviews de novo. *State v. Wright*, 588 N.W.2d 166, 168 (Minn.App.1998), *review denied* (Minn. Feb. 24, 1999). Minnesota statutes are presumed to be constitutional, and a court's power to declare a statute unconstitutional "should be exercised with extreme caution and only when necessary." *State v. Machholz*, 574 N.W.2d 415, 419 (Minn. 1998) (citations omitted). A party challenging a statute has the burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional. *Id.* (citation omitted).

■■ A person to whom a statute may constitutionally be applied has no standing to challenge that statute on the ground that it might conceivably be applied unconstitutionally to others, in other situations not before the court. *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973). One limited exception to this principle is the "facial overbreadth" doctrine.[1] *Id.* at 611–12, 93 S.Ct. at 2916. To help provide the First Amendment with necessary "breathing space," the U.S. Supreme Court has allowed litigants to challenge a statute, not because their own rights of free expression are violated, but because "the statute's

very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Id.; see also Machholz*, 574 N.W.2d at 419 (discussing how the potential "chilling effect" of a facially overbroad statute justifies giving a litigant standing to challenge it as unconstitutional on its face, even if his or her own activities are not constitutionally protected).

■ But because the doctrine has the potential to void an entire statute, the Supreme Court has described it as "strong medicine," which should be applied "only as a last resort" and only if the degree of overbreadth is substantial. *Broadrick*, 413 U.S. at 613, 93 S.Ct. at 2916; *see also State v. Holmberg*, 545 N.W.2d 65, 70 (Minn.App.1996) (stating that for a statute to be held invalid, its overbreadth must be "both real and substantial"), *review denied* (Minn. May 21, 1996). A determination of substantial overbreadth requires a finding of "realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *New York State Club Ass'n v. City of New York*, 487 U.S. 1, 11, 108 S.Ct. 2225, 2233, 101 L.Ed.2d 1 (1988) (quoting *City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 801, 104 S.Ct. 2118, 2126, 80 L.Ed.2d 772 (1984)). If a statute's legitimate reach "dwarfs its arguably impermissible applications," it is facially valid. *Holmberg*, 545 N.W.2d at 70 (citation omitted).

The *Broadrick* Court recognized four situations in which facial overbreadth challenges are justified: (1) where statutes, by their terms, seek to regulate "only spoken words"; (2) where statutes, by their terms, purport to regulate the time, place, and manner of expressive and communicative conduct; (3) where rights of association are "ensnared in statutes which, by their broad sweep, might result in burdening

---

1. "Facial" overbreadth challenges should be distinguished from "as applied" challenges, the latter involving a judgment as to the constitutionality of a statute based on the harm to

the litigating party. *Turchick v. U.S.*, 561 F.2d 719, 721 n. 3 (8th Cir.1977). Mireles does not challenge section 609.229 as applied to him.

innocent associations"; and (4) where protected conduct has required official approval under laws that delegate standardless discretionary power to local officials. 413 U.S. at 611–13, 93 S.Ct. at 2916.

Under the challenged provision:

A person who commits a crime for the benefit of, at the direction of, in association with, or motivated by involvement with a criminal gang, with the intent to promote, further, or assist in criminal conduct by gang members is guilty of a crime * * *.

Minn.Stat. § 609.229, subd. 2. Because this language does not, by its terms, seek to regulate spoken words or the time, place, or manner of expression, the first two justifications do not apply.

■ Nor does the statute prohibit membership in a criminal gang or prevent individuals from associating with one another. Because it has the potential to void an entire statute, the overbreadth doctrine requires not only that the overbreadth be substantial but also that the statute in question not be subject to a limiting construction. *Machholz,* 574 N.W.2d at 419. Minn.Stat. 609.229 includes a specific-intent element, which requires that the defendant act "with intent to promote, further, or assist in criminal conduct by gang members." This specific-intent requirement limits the reach of the statute to those individuals who engage in criminal conduct for the benefit of a criminal gang with the specific intent to promote, further, or assist in criminal conduct by gang members. The freedom of association protected by the First Amendment does not extend to "joining with others for the purpose of depriving third parties of their lawful rights." *Madsen v. Women's Health Center, Inc.,* 512 U.S. 753, 776, 114 S.Ct. 2516, 2530, 129 L.Ed.2d 593 (1994).

Because it is limited by this specific-intent requirement, Minn.Stat. § 609.229 does not reach so broadly as to burden innocent associations.

Mireles argues that, because it did not define the term "gang members," the legislature impermissibly delegated the determination of what constitutes gang membership to law-enforcement officials. He contends that this delegation threatens to chill freedom of speech and association by allowing law-enforcement officials to formulate their own standards for determining gang membership, standards that could burden the protected conduct of nonparties (for example, the wearing of tattoos or gang-related dress, or associating with known gang members). But the U.S. Supreme Court opinions that Mireles relies on do not support this argument. In *Shuttlesworth v. Birmingham* the Court stated that a law delegating to local officials the discretion to grant or withhold approval of speech or conduct must include narrow, objective, and definite standards. *Shuttlesworth v. Birmingham,* 394 U.S. 147, 151, 89 S.Ct. 935, 938–39, 22 L.Ed.2d 162 (1969). The *Shuttlesworth* Court was concerned that the standardless delegation to local officials of such discretionary power would allow for virtually unreviewable prior restraints on First Amendment rights. *Id. Broadrick,* the other case relied on by defendant, merely restates the standard established in *Shuttlesworth.* 413 U.S. at 611–12, 93 S.Ct. at 2916. Because Minn.Stat. § 609.229 does not delegate authority to local officials to approve of speech or conduct it does not require loosening traditional standing requirements to prevent prior restraints.[2]

■ Minn.Stat. § 609.229 is not substantially overbroad on its face. Any over-

2. Defendant's reliance on *Shuttlesworth* may arise from confusion between the First Amendment overbreadth doctrine and the due-process "void for vagueness" doctrine, which requires that criminal statutes provide standards for the police and public that are sufficient to guard against the arbitrary depri-

vation of liberty interests. *See Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). The trial court ruled that Minn.Stat. § 609.229 was not impermissibly vague, but it certified only the First Amendment overbreadth question to this court.

breadth that may exist "should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." *Broadrick*, 413 U.S. at 615–16, 93 S.Ct. at 2918.

## II. Reliability of the basis of expert-opinion testimony

 Turning to the second certified question, we note that the certification procedure is not a substitute for an appeal nor should it be used to present a hypothetical question or secure an advisory opinion. *State v. Jennings*, 487 N.W.2d 536, 538 (Minn.App.1992). A question of law should not be presented until the record is developed to the point where the question is relevant and presents a substantial issue. *Id.*

 In a criminal case, the defendant does not have a right to appeal a pretrial evidentiary ruling. *State v. Kvale*, 352 N.W.2d 137, 139–40 (Minn.App.1984) (citation omitted). This rule cannot be circumvented by trial court certification of the question. *Id.* Therefore, this court will generally not decide a pretrial evidentiary ruling of the trial court on a certified question. *See, e.g., id.* (dismissing certified question regarding relevance of evidence of similar crimes allegedly committed by person other than accused); *State v. Babcock*, 360 N.W.2d 466, 467 (Minn. App.1985) (stating rule precluding review of pretrial evidentiary rulings is equally applicable to rulings on pretrial discovery motions).

 Although there is some precedent for granting discretionary review of pretrial evidentiary rulings (*see, e.g., State v. Childs*, 269 N.W.2d 25, 26, n. 1 (Minn. 1978)), such discretion should only be exercised where the parties have fully briefed the case, the record is adequately developed, and the evidence in question is important to the prosecution's case. *State v. Crook*, 485 N.W.2d 726, 728 (Minn.App. 1992), *review denied* (Minn. Aug. 4, 1992). This court has refused to grant discretionary review of certified questions that deal imprecisely with facts that must be proved at trial and call for "a declaration of the 'discretion' of the trial court." *Kvale*, 352 N.W.2d at 140.

 The record here is not adequately developed for this court to determine whether, as a matter of law, the gang-identification criteria are sufficiently reliable to form the basis of expert-opinion testimony. There is no transcript of the omnibus and motion hearing at which the admissibility of the police officer's expert opinion was argued. The district court's findings are limited to the facts that the officer was familiar with the Minnesota Gang Strike Force's gang-identification criteria and that he did not know how the criteria were established or why the Gang Strike Force determined that meeting any three of the criteria would constitute sufficient evidence of gang membership. Based on these findings, the district court determined that "[t]he record before the Court is simply insufficient to determine reliability of the gang identification criteria." For that same reason, this court cannot answer the certified question regarding the reliability as a matter of law of the gang-identification criteria.

## DECISION

The district court properly held that Minn.Stat. § 609.229 (1998) is not, on its face, unconstitutionally overbroad. Because the record is insufficient, this court cannot answer a certified question regarding the reliability, as a matter of law, of the basis for an expert's opinion testimony.

**First certified question answered in the negative; second certified question dismissed.**