**STATE of Minnesota, Respondent,**

v.

**Kristopher Gerald FINGAL, Appellant,**

**Dennis Jay FRANKE, Appellant.**

Nos. C4-02-1967, C3-03-254.

Court of Appeals of Minnesota.

July 29, 2003.

Jeffrey D. Schiek, Phillip G. Villaume, Villaume & Associates, Edina, MN, for appellants.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, MN, for respondent.

Teresa J. Nelson, Minnesota Civil Liberties Union, St. Paul, MN, for amicus curiae Minnesota Civil Liberties Union.

Considered and decided by MINGE, Presiding Judge, HARTEN, Judge, and STONEBURNER, Judge.

## OPINION

HARTEN, Judge.

Appellants were tried separately on stipulated facts and convicted separately under Minn.Stat. § 617.247 (1999) of possession of pictorial representations of minors. In this consolidated appeal, both challenge the constitutionality of that statute.

## FACTS

Appellant Kristopher Fingal was charged with possessing child pornography in violation of Minn.Stat. § 617.247 (2000). He moved to dismiss the charges on the ground that Minn.Stat. § 617.247 is unconstitutional. The district court, relying on *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002) (definition of pornographic work appearing in Minn.Stat. § 617.246, subd. 1(f)(2)(iii) (2000), and referenced in Minn.Stat. § 617.247, unconstitutionally void for overbreadth), concluded that, although Minn. Stat. § 617.246, subd. 1(f)(2)(iii), was unconstitutional, it was severable, and ordered respondent State of Minnesota to file notice of its intent to proceed against Fingal under the surviving provisions of the statute. The state complied and

amended its complaint to charge Fingal with possessing child pornography as defined in Minn.Stat. § 617.246, subd. 1(f)(1) (2000), and/or Minn.Stat. § 617.246, subd. 1(f)(2)(i), (ii) (2000). Fingal unsuccessfully moved to dismiss the complaint. He was convicted on stipulated facts, among them an admission that the depictions in his possession were of "real, identifiable children."[1]

■ Appellant Dennis Franke was charged under the same statutory provisions. He also was convicted on stipulated facts including an admission that the images were of real, identifiable children.[2] Both appellants filed appeals, which this court consolidated. The Minnesota Civil Liberties Union filed an amicus curiae brief on behalf of appellants.[3]

## ISSUES

1. Are the definitions of "pornographic work" set forth in Minn.Stat. § 617.246, subd. 1(f)(1), (2)(i), (2)(ii) (2000), unconstitutional for vagueness and overbreadth?

2. Do appellants have standing to challenge on due process grounds the constitutionality of the definitions of "pornographic work" set forth in Minn.Stat. § 617.246, subd. 1(f)(1), (2)(i), (2)(ii) (2000)?

3. Are the definitions of pornographic work set forth in Minn.Stat. § 617.246, subd. 1(f)(1), (2)(i), (2)(ii) (2000), unconstitutional for violations of due process?

1. Fingal stipulated to possession and control of a computer and hard drive that contained "11 videos and at least 37 non-video images that depicted children engaged in sexual conduct."

2. Franke stipulated to possession of six three-ring binders containing approximately 800 to 1,000 images per binder of unclothed juvenile males, many of whom are prepubescent, depicted in sexually explicit poses or engaged in sexual conduct, or both.

## ANALYSIS

### 1. Vagueness and Overbreadth

■ Evaluating the constitutionality of a statute is a question of law. *Hamilton v. Comm'r of Pub. Safety*, 600 N.W.2d 720, 722 (Minn.1999). Thus, we are not bound by the district court's conclusions. *In re Blilie*, 494 N.W.2d 877, 881 (Minn. 1993). Minnesota statutes are presumed constitutional, and the court's power to declare them unconstitutional should be exercised with extreme caution and only when absolutely necessary. *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989).

■ Appellants contend that the statute is unconstitutionally vague and overbroad because it prohibits depictions of sexual performance activities not involving real children. As a threshold matter, we note that, because appellants stipulated to possessing materials depicting sexual performances by real, identifiable children, their challenge to the statute as overbroad in allegedly prohibiting depictions of other sexual performances must be made under the facial overbreadth doctrine. The doctrine is an exception to the general rule that a person to whom a statute may constitutionally be applied has no standing to challenge that statute on the ground that it might conceivably be applied unconstitutionally to others in situations not before the court. *State v. Mireles*, 619 N.W.2d 558, 561 (Minn.App.2000), *review denied*

3. The state points out that parts of the amicus curiae brief address issues not raised by appellants. We agree that these issues are not properly before the court. Amici curiae may not raise statutory constitutionality issues not raised by the parties. *City of Minneapolis v. Church Universal and Triumphant*, 339 N.W.2d 880, 890 n. 3 (Minn.1983).

(Minn. 15 Feb. 2001). The doctrine is invoked when "the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Id.* (quotation omitted).

> [B]ecause the doctrine has the potential to void an entire statute, * * * [it] should be applied * * * only if the degree of overbreadth is substantial. A determination of substantial overbreadth requires a finding of realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court.

*Id.* (citations and quotation omitted). Because appellants themselves were convicted of possessing materials legitimately prohibited by the statute, their challenge to its constitutionality for overbreadth will succeed only if that overbreadth is substantial.

■ Appellants argue first that Minn. Stat. § 617.246, subd. 1(f)(1) (2000), is overbroad. It provides that "pornographic work" means:

> an original or reproduction of a picture, film, photograph, negative, slide, videotape, videodisc, or drawing of a sexual performance involving a minor * * *.

For this argument, they rely on *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). The *Ashcroft* holding, in summary, is as follows:

> [18 U.S.C. § ] 2256(8)(B) prohibits "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture" that "is, or appears to be, of a minor engaging in sexually explicit conduct." * * *
>
> * * * *

> * * * [T]he statute * * * leaves unprotected a substantial amount of speech not tied to the Government's interest in distinguishing images produced using real children from virtual ones.
>
> In sum, * * * [the statute] abridges the freedom to engage in a substantial amount of lawful speech. For this reason, it is overbroad and unconstitutional.

*Id.* at 241–42, 256, 122 S.Ct. at 1397, 1405. The operative phrase for the *Ashcroft* court was "appears to be." But unlike the federal statute, the Minnesota statute does not pertain to visual images that "appear to be" of sexual activity involving a minor; it pertains only to depictions actually representing "a sexual performance involving a minor." "Minor" is defined at Minn.Stat. § 617.246, subd. 1(b), as "any person under the age of 18." If the sexual performance depicted does not, in fact, involve a person under the age of 18, possession of the depiction is not prohibited. Thus, appellants' challenge to Minn.Stat. § 617.246, subd. 1(f)(1), fails.

Appellants then challenge Minn.Stat. § 617.246, subd. 1(f)(2), defining pornographic work as:

> any visual depiction, including any photograph, film, video, picture, drawing, negative, slide, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means that:
>
> > (i) uses a minor to depict actual or simulated sexual conduct; [or]
> >
> > (ii) has been created, adapted, or modified to appear that an identifiable minor is engaging in sexual conduct * * *.

Again, appellants rely on the *Ashcroft* distinction between actual child pornography, involving real children, and virtual child pornography, involving virtual children, and argue that the Minnesota statute fails to make that distinction. But appellants

misread the statute: both provisions pertain only to real children. Minn.Stat. § 617.246, subd. 1(f)(2)(i), defines pornographic work to include any visual depiction that "uses a minor to depict actual or simulated sexual conduct." While the depiction may be computer-generated and the sexual conduct may be simulated, the minor may be neither computer-generated nor simulated but must be, as defined by Minn.Stat. § 617.246, subd. 1(b), a "person under the age of 18."

Minn.Stat. § 617.246, subd. 1(f)(2)(ii), defines pornographic work to include any visual depiction "created, adapted, or modified to appear that an identifiable minor is engaging in sexual conduct." The visual depiction must be of an identifiable minor, not a virtual child. Thus, the Minnesota statutory provisions comply with the *Ashcroft* requirement that a statute prohibit only materials involving sexual performances by real children.

A determination that the statute is facially overbroad requires a "finding of realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Mireles*, 619 N.W.2d at 561 (quotation omitted). We cannot make such a determination and, accordingly, we conclude that the statute is not unconstitutionally overbroad.[4]

## 2. Due Process: Standing

We review de novo the legal issue of standing. *Nash v. Wollan*, 656 N.W.2d 585, 588 (Minn.App.2003) (citing *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.

1984)), *review denied* (Minn. 29 Apr. 2003). Appellants raise three due process challenges to the constitutionality of Minn. Stat. § 617.246, subd. 1(f). First, appellants claim it lacks an "innocent downloading" defense, but neither appellant meets the "innocent downloader" standard. *See* 18 U.S.C. § 2252(c) (2000) (innocent downloaders must take prompt steps to destroy visual depictions or report the matter to law enforcement agency). Second, appellants claim that it lacks an exception for those possessing a small number of works, but appellants stipulated to possessing large numbers of works. Finally, appellants argue that the statute violates due process because it lacks a scienter requirement as to the age of the persons depicted, but neither appellant has claimed not knowing that the persons depicted were minors.

Those to whom a statute may constitutionally be applied lack standing to challenge that statute on the ground that it might conceivably be applied unconstitutionally to others in situations not before the court. *Mireles*, 619 N.W.2d at 561. Thus, appellants lack standing to raise their due process challenges. Nevertheless, we review those challenges in the interests of justice. *See* Minn. R. Civ.App. P. 103.04 (permitting appellate review of any matter as the interests of justice may require).

## 3. Due Process Challenges

### a. "Innocent Downloading" Defense and Scienter Requirement

Appellants contend that Minn. Stat. § 617.247 (2000) is unconstitutional

---

**4.** We note also that the statute meets none of the four criteria the Supreme Court has identified as justifying facial overbreadth challenges: (1) statute seeks to regulate only spoken words; (2) statute purports to regulate the time, place, and manner of expressive and communicative conduct; (3) statute limiting right of association might burden innocent associations; and (4) statute requires official approval for protected conduct that is granted at the discretion of local officials. *Mireles*, 619 N.W.2d at 561–62 (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 611–13, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973)).

because it would reach an individual who inadvertently or accidentally downloaded "what he or she thought was a legitimate site" but discovered that it contained child pornography. Appellants misread the statute. It provides that only those "knowing or with reason to know [a work's] content and character" can be found guilty of possession of a pornographic work. Minn.Stat. § 617.247, subd. 4. The relevant definition of "pornographic work" at Minn.Stat. § 617.246, subd. 1(f), refers to depictions of sexual activity involving minors. Therefore, those who neither knew nor had reason to know that a site contained child pornography or depicted real children would not be at risk under the statute.

### b. "Small Number" Defense

Appellants cite 18 U.S.C. § 2252A(d) (2000), which provides an affirmative defense for a defendant who possesses fewer than three images and promptly either takes reasonable steps to destroy them or reports the matter to a law enforcement agency and provides access to the images. Appellants argue that, because no Minnesota statute provides this affirmative defense, the Minnesota statutes violate due process. But appellants offer no support for the view that state statutes violate due process if they fail to provide the affirmative defenses provided in federal statutes, and they cite no statute or caselaw constitutionally requiring the existence of such an affirmative defense.

Appellants' due process challenges fail.

### DECISION

Minn.Stat. § 617.246, subd. 1(f)(1), (2)(i), (2)(ii) (2000), are not substantially overbroad because they refer only to depictions of minors, or persons under the age of 18, and not of virtual or imaginary children. The statute does not violate due process

because it excludes innocent viewing and accidental downloading.

**Affirmed.**

MINGE, Judge (concurring specially).

Although I do not join in the opinion, I join in the decision of the majority affirming the conviction of appellants.

Freedom of expression is a fundamental right secured by the First Amendment of the United States Constitution and Article I, Section 3 of the Minnesota Constitution. We strictly scrutinize limits on expression and insist that such limits be justified by a compelling and overriding public purpose, and that they be narrowly crafted to serve that compelling purpose, without infringing on protected expression. *See Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 242–46, 122 S.Ct. 1389, 1398–99, 152 L.Ed.2d 403 (2002); *cf. United States v. Carolene Prods. Co.,* 304 U.S. 144, 152 n. 4, 58 S.Ct. 778, 783 n. 4, 82 L.Ed. 1234 (1938); *State ex rel. Morrow v. LaFleur,* 590 N.W.2d 787, 796 (Minn.1999); *In re Blodgett,* 510 N.W.2d 910, 914 (Minn.1994). Obscenity and child pornography are not protected and can be prohibited. *Ashcroft,* 535 U.S. at 238–40, 122 S.Ct. at 1396.

Appellants have admitted to possession of child pornography of identifiable children. Since the power of the state to criminalize child pornography was recognized by the Supreme Court in the case of *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), this appeal has an easy, almost simplistic, dimension. However, this case presents two more difficult problems. The first is the potential overbreadth of the statute in criminalizing the possession of pornographic *drawings* of minors. Drawings are different from pictures. The term "drawing" lacks precision and is vague. The majority interprets the statute as only

covering drawings of *actual identifiable* minors and appears to conclude that the accused would have to know or have strong reason to know that the drawings were of actual, identifiable minors. Only such a narrow reading of the statute and such a scienter requirement avoid the problem of overbreadth. Furthermore, such a narrow reading reduces the likelihood that the overbreadth is sufficiently substantial to justify striking the entire statute as unconstitutional.

The second problem is that the Supreme Court has not yet determined whether possession of images of an actual child that have been altered to appear as if that child is engaged in sexual activity can be subject to criminal penalties. *See Ashcroft,* 535 U.S. at 241–42, 122 S.Ct. at 1397. The statute before us takes that step. Minn. Stat. § 617.246, subd. 1(f)(2)(ii) (2000). The majority opinion upholds that provision. The opinion and the statute should be read as including a strong requirement of scienter as to both content and character. The statute should be understood to require actual knowledge or a clear reason to know both that the person depicted is an identifiable minor and that the activity shown meets the definition of pornographic work. Minn.Stat. § 617.247, subd. 4 (2000). Absent such a narrowing construction, the statute would not comply with *Ashcroft* and would be unconstitutional. However, since appellants do not claim that the pictures they possessed were altered and since they do not claim that the children pictured had not actually been part of proscribed sexual conduct, their conviction can stand without reference to this issue or Minn.Stat. § 617.246, subd. 1(f)(2)(ii). The Supreme Court did not reach this issue and I would not reach it either.