*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A22-1568**

State of Minnesota,
Respondent,

vs.

Devondre Demont Pike,
Appellant.

**Filed January 22, 2024**
**Affirmed**
**Slieter, Judge**

Hennepin County District Court
File No. 27-CR-21-15947

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Adam E. Petras, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Slieter, Presiding Judge; Larson, Judge; and Klaphake, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**SLIETER**, Judge

In this direct appeal from judgment of conviction for third-degree possession of a controlled substance, appellant argues that the controlled substance was discovered following an unlawful misdemeanor arrest and that the district court erred by denying his suppression motion. Appellant contends his arrest was unlawful because (1) the warrantless misdemeanor arrest violates Minn. R. Crim. P. 6.01 and (2) the arresting police officer lacked probable cause to believe that he committed theft.

Because appellant's rule 6.01 argument is forfeited, we do not address it. And, because the police officer had probable cause to believe that he committed theft, we affirm.

## FACTS

In January 2021, appellant Devondre Demont Pike was shopping when a loss-prevention employee informed an on-duty police officer that he observed Pike open boxes with a tool and hide a package of pens inside of a fanny pack. The officer apprehended Pike before he exited the store, handcuffed and escorted him into a security office, searched him for stolen property, and discovered methamphetamine.

Respondent State of Minnesota charged Pike with third-degree possession of a controlled substance pursuant to Minn. Stat. § 152.023, subd. 2(a)(1) (2020), and misdemeanor theft ($500 or less) pursuant to Minn. Stat. § 609.52, subds. 2(a)(1), 3(5) (2020). Pike sought, via a pretrial motion, to suppress the drugs as illegally seized evidence due to an unlawful misdemeanor arrest. The district court concluded that Pike's arrest was lawful because warrantless arrests for misdemeanor shoplifting theft are authorized

pursuant to Minn. Stat. § 629.366, subd. 2 (2020), and because the arrest was supported by probable cause to believe that Pike had committed theft. The jury found Pike guilty of third-degree controlled substance possession and not guilty of misdemeanor theft.

Pike appeals.

## DECISION

Before we consider whether the officer had probable cause to believe that Pike shoplifted, we note that Pike asks us to consider an argument that was not raised before the district court. Pike makes a three-part argument that his arrest was illegal. First, Pike claims that rule 6.01 precludes warrantless misdemeanor arrests and that none of the three exceptions to rule 6.01 were present at the time of his arrest. *See* Minn. R. Crim. P. 6.01, subd. 1(a)(1)-(3). Second, Pike claims that the shoplifting statute that authorizes the arrest, Minn. Stat. § 629.366 (2020), conflicts with rule 6.01 because it authorizes arrests that the rule purportedly prohibits. And third, Pike claims that rule 6.01 controls because both the statute and rule involve matters of procedural law. *See, e.g.*, *State v. Johnson*, 514 N.W.2d 551, 555 (Minn. 1994) (determining that "[because] the conflicting statute and rule concern matters of procedural law, the rule controls").

We generally do not consider issues that have not been raised before the district court. *See, e.g.*, *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (holding that the failure to raise an issue before the district court precludes its litigation on appeal); *State v. Engholm*, 290 N.W.2d 780, 784 (Minn. 1980) ("The law is clear in Minnesota that the constitutionality of a statute cannot be challenged for the first time on appeal."). And because Pike failed to make these arguments in the district court, we decline to do so here.

We next consider Pike's argument that, even if the warrantless misdemeanor arrest is legal, the officer lacked probable cause to arrest Pike for shoplifting.

"There is probable cause to arrest without a warrant when a person of ordinary care and prudence, viewing the totality of circumstances objectively, would entertain an honest and strong suspicion that a *specific* individual has committed a crime." *State v. Ortega*, 770 N.W.2d 145, 150 (Minn. 2009). A district court's determination as to whether an officer has probable cause to make a warrantless arrest is a question of law that appellate courts review *de novo*. *State v. Horner*, 617 N.W.2d 789, 795 (Minn. 2000).

In its order finding probable cause, the district court made the following factual findings: The loss-prevention employee observed Pike "opening boxes with a tool and place a pack of pens in a fanny pack." Pike placed items from his cart onto the checkout station, affixed a tag to a fanny pack, and scanned and purchased his items. This information was relayed to the officer who was on duty at the store. The officer handcuffed Pike and led him into a security room to commence his search.

Viewing the totality of the circumstances, the facts in this case would cause "a person of ordinary care and prudence . . . [to] entertain an honest and strong suspicion that" Pike shoplifted.

We are not persuaded otherwise by Pike's argument that his arrest was unsupported by probable cause because the officer did not personally observe the theft. The shoplifting statute specifically authorizes officers to make an arrest upon "a charge being made by a merchant or merchant's employee . . . ." Minn. Stat. § 629.366, subd. 2; *see also State v. Childs*, 269 N.W.2d 25, 27 (Minn. 1978) (confirming the legality of an arrest based upon

4

the provisions in Minn. Stat. § 629.366).  Pike provides no authority to support his claim that this court ought to impose requirements not identified in the statute.

Because the arresting officer reasonably formed an "honest and strong suspicion" that Pike was shoplifting, the officer had probable cause to arrest Pike for shoplifting.

**Affirmed.**