646 N.W.2d 546 (2002)
MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Appellant,
v.
LEAGUE OF MINNESOTA CITIES INSURANCE TRUST, Respondent.
No. CX-01-1929.
Court of Appeals of Minnesota.
June 26, 2002.
*547 Jack D. Moore, Moore, Warner & Kruger, St. Paul, MN, for appellant.
Charles E. Gillen, Stephen F. Buterin, Jardine, Logan & O'Brien, PLLP, Saint Paul, MN, for respondent.
Michael C. Snyder, Meshbesher & Spence, Ltd., Minneapolis, MN, for amicus curiae Minnesota Trial Lawyers Association.
Considered and decided by WILLIS, Presiding Judge, SHUMAKER, Judge, and FOLEY, Judge.[*]

OPINION
WILLIS, Judge.
Appellant insurer challenges adverse summary judgment, arguing that the district court erred by concluding that a marked police patrol car is not a "motor vehicle" for purposes of the Minnesota *548 No-Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41-.71 (2000). Because we conclude that applying the plain meaning of the statutory definition of "motor vehicle" to this case produces an absurd and unreasonable result that plainly departs from the first stated purpose of the no-fault act, we reverse and remand.

FACTS
On March 17, 2000, a marked police patrol car, driven by a Rochester police officer and owned by the City of Rochester, struck and injured a pedestrian. Appellant Mutual Service Casualty Insurance Company (MSI) insured the pedestrian as a resident relative under an automobile policy; respondent League of Minnesota Cities Insurance Trust (LMCIT) insured the city under an automobile policy. Both policies provided $20,000 in basic economic-loss benefits, and MSI's policy provided $60,000 in optional medical-expense benefits. The pedestrian incurred medical expenses in excess of $20,000.
MSI paid the excess and brought a declaratory-judgment action against LMCIT for payment of $20,000 of basic economic-loss benefits on the ground that LMCIT's policy had a higher priority for payment. See Minn.Stat. § 65B.47 (2000) (providing priority of payment of basic economic-loss benefits). MSI moved for summary judgment. The district court denied MSI's motion and granted summary judgment to LMCIT, concluding that the pedestrian was not entitled to benefits under LMCIT's policy because a marked police patrol car is not a "motor vehicle" for purposes of the Minnesota No-Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41-.71 (2000). This appeal follows.

ISSUE
Did the district court err by concluding that a marked police patrol car is not a "motor vehicle" for purposes of the Minnesota No-Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41-.71 (2000)?

ANALYSIS
On appeal from summary judgment, this court determines (1) whether there are genuine issues of material fact and (2) whether the district court erred in its application of the law. Hertz Corp. v. State Farm Mut. Ins. Co., 573 N.W.2d 686, 688 (Minn.1998). The parties agree that there are no disputed facts and that the issue on appeal involves interpretation of the Minnesota No-Fault Automobile Insurance Act (no-fault act), Minn.Stat. §§ 65B.41-.71 (2000). The interpretation of a statute is a question of law, which appellate courts review de novo. Nathe Bros., Inc. v. Am. Nat. Fire Ins. Co., 615 N.W.2d 341, 344 (Minn.2000).
LMCIT's coverage declarations limit payment for personal-injury claims to "basic Minnesota statutory coverage," and the parties do not dispute the district court's finding that the policy provides "benefits coverage for qualifying motor vehicles as required by the [no-fault act]." Thus, the scope of LMCIT's policy, and the right of a pedestrian to recover benefits under that policy, is determined by the provisions of the no-fault act.
The no-fault act provides:
Every owner of a motor vehicle of a type which is required to be registered or licensed or is principally garaged in this state shall maintain during the period in which operation or use is contemplated a plan of reparation security * * * [that] shall provide for basic economic loss benefits and residual liability coverage.
Minn.Stat. § 65B.48, subd. 1. "[E]very person suffering loss from injury arising out of maintenance or use of a motor vehicle * *549 * * has a right to basic economic loss benefits." Minn.Stat. § 65B.46, subd. 1.
Here, the parties do not dispute that a marked police patrol car is not required to be registered under chapter 168. See Minn.Stat. § 168.012, subd. 1(b) (2000 & Supp.2001) (providing that "police patrols * * *, the general appearance of which is unmistakable, shall not be required to register"). MSI argues, however, that because the marked police patrol car was a motor vehicle that was principally garaged in Minnesota, Minn.Stat. § 65B.48, subd. 1, requires that it be insured for basic economic-loss benefits. But the statutory definition of "motor vehicle" is
every vehicle, other than a motorcycle or other vehicle with fewer than four wheels, which (a) is required to be registered pursuant to chapter 168, and (b) is designed to be self-propelled by an engine or motor for use primarily upon public roads, highways or streets in the transportation of persons or property.
Minn.Stat. § 65B.43, subd. 2. Therefore, no matter where a vehicle is garaged, it is not within the statutory definition of "motor vehicle" unless it is required to be registered under chapter 168. And the statutory definition of "motor vehicle" applies throughout the no-fault act "except where the context clearly indicates a different meaning." Minn.Stat. § 65B.43, subd. 1.
The plain language of the no-fault act provides that a vehicle can only be a "motor vehicle" if it is required to be registered under chapter 168, the plain language of the no-fault act's right-to-benefits provision uses the statutory definition, and there is no context in that provision that "clearly indicates a different meaning." See Minn.Stat. § 65B.43, subd. 1. Because marked police patrol cars are not required to be registered under chapter 168, the right-to-benefits provision, on its face, does not grant a person the right to basic-economic-loss benefits for an injury arising out of the use of a marked police patrol car. See Minn.Stat. § 65B.46, subd. 1.
If, on its face and in application to the facts, a statute's meaning is plain, judicial construction is not normally appropriate. See Am. Tower, L.P. v. City of Grant, 636 N.W.2d 309, 312 (Minn.2001). But although plain meaning is the governing principle in applying statutory language, Minnesota courts will not give effect to plain meaning if it produces an absurd or an unreasonable result that departs from the purpose of the statute. Minn.Stat. § 645.17(1) (2000); Olson v. Ford Motor Co., 558 N.W.2d 491, 494 (Minn.1997); Wegener v. Comm'r of Revenue, 505 N.W.2d 612, 617 (Minn.1993); Anker v. Little, 541 N.W.2d 333, 337 (Minn.App.1995), review denied (Minn. Feb. 9, 1996).
A marked police patrol car is not required to be registered under chapter 168 when its general appearance is "unmistakable." Minn.Stat. § 168.012, subd. 1(b). But "unmarked vehicles used in general police work" must be registered. Id., subd. 1(c) (2000 & Supp.2001). Thus, if a pedestrian is struck and injured by an unmarked police patrol car, the pedestrian has the right to basic economic-loss benefits because an unmarked police patrol car must be registered under chapter 168 and therefore meets the no-fault act's statutory definition of "motor vehicle." See Minn. Stat. §§ 65B.43, subd. 2, 65B.46, subd. 1. Here, under the plain meaning of the statutory definition of "motor vehicle," whether a pedestrian has a right to basic economic-loss benefits under the no-fault act therefore turns solely on the appearance of a police patrol car.
The first stated purpose of the no-fault act is
*550 [t]o relieve the severe economic distress of uncompensated victims of automobile accidents within this state by requiring automobile insurers to offer and automobile owners to maintain automobile insurance policies or other pledges of indemnity which will provide prompt payment of specified basic economic loss benefits to victims of automobile accidents without regard to whose fault caused the accident.
Minn.Stat. § 65B.42(1) (2000). A police patrol car, marked or unmarked, is an automobile. Application of the plain meaning of the statutory definition of "motor vehicle" to this case produces an absurd and unreasonable result that plainly departs from the first stated purpose of the no-fault act.

DECISION
When an injury arises out of the use of a marked police patrol car, applying the plain meaning of the statutory definition of "motor vehicle" to deny an injured person the right to basic economic-loss benefits produces an absurd and unreasonable result that plainly departs from the first stated purpose of the Minnesota No-Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41-.71 (2000). The district court therefore erred by concluding that a marked police patrol car is not a "motor vehicle" for purposes of the no-fault act. Because both MSI and LMCIT's policies provide the pedestrian with basic economic-loss benefits, we reverse and remand for the district court to determine the priority of payment of those benefits.
Reversed and remanded.
NOTES
[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.